OF COUNSEL:                              Kevin H. Marino
                                        John D. Tortorella
Nicholas Groombridge                    MARINO, TORTORELLA & BOYLE, P.C.
Elizabeth Stotland Weiswasser           437 Southern Boulevard
Peter Sandel                            Chatham, New Jersey 07928-1488
Josephine Young                         Tel:  (973) 824-9300
WEIL, GOTSHAL & MANGES LLP              Fax: (973) 824-8425
767 Fifth Avenue
New York, NY  10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendant-Counterclaim Plaintiff
Biogen Idec MA Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC., ) ) ) | Hon. Peter Sheridan |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 10-2734-PGS-ES |
| BIOGEN IDEC MA INC., ) ) | **ANSWER, COUNTERCLAIMS AND DEMAND FOR TRIAL BY JURY** |
| Defendant. ) ) | |

Defendant-Counterclaim Plaintiff Biogen Idec MA Inc. ("Biogen"), by its undersigned attorneys, answers and responds to the Complaint of Plaintiff-Counterclaim Defendant Bayer Healthcare Pharmaceuticals Inc. ("Bayer") as follows:

### NATURE OF THE ACTION

1.      Biogen admits that United States Patent No. 7,588,755 ("the '755 patent"), entitled "DNA Sequences, Recombinant DNA Molecules and Processes for Producing Human Fibroblast Interferon-like Polypeptides," issued on September 15, 2009.  Biogen further admits

that Bayer purports to assert claims under the Declaratory Judgment Act and the Patent Laws of the United States, but denies that the claims are valid or sustainable and specifically denies that the '755 patent is invalid and not infringed by Bayer.  Biogen denies the remaining allegations of paragraph 1.

## THE PARTIES

2.       On information and belief, Biogen admits the allegations of paragraph 2.

3.       Biogen admits that Biogen is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 133 Boston Post Road, Weston, Massachusetts 02493.  Biogen denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.       Biogen admits that the Court has subject matter jurisdiction over the claims, but denies that the claims are valid or sustainable.

5.       Biogen admits the Court has personal jurisdiction over Biogen.

6.       Biogen admits the allegations of paragraph 6.

## BACKGROUND

7.       On information and belief, Biogen admits the allegations of paragraph 7.

8.       On information and belief, Biogen admits the allegations of paragraph 8.

9.       Biogen admits that the '755 patent states that it is assigned to Biogen and is, in fact, assigned to Biogen.  On information and belief, Biogen admits that a true and correct copy of the '755 patent is attached to Bayer's Complaint as Exhibit A.  Biogen denies the remaining allegations of paragraph 9.

10.       Biogen admits that the '755 patent is a divisional or continuation application of U.S. Patent Application No. 07/387,503, filed on July 28, 1989, which is a

divisional or continuation application of U.S. Patent Application No. 06/250,609, filed on April 3, 1981, which claim priority to G.B. Application No. 8011306, filed April 3, 1980, and G.B. Application No. 8018701, filed June 6, 1980.   Biogen denies the remaining allegations of paragraph 10.

11.   Biogen admits the allegations of paragraph 11.

12.   Biogen admits the allegations of paragraph 11.

13.   Biogen admits that Biogen and Bayer exchanged drafts and correspondence of a mutual confidentiality agreement regarding licensing negotiations, but denies that the agreement was never finalized.   Biogen is without sufficient knowledge or information to form a belief as to the allegations concerning Bayer's alleged routing of Biogen's letter and Bayer's other actions regarding the same and on that basis denies them, and denies the remaining allegations of paragraph 13.

14.   Biogen admits that Mr. Meece and Mr. Newland spoke on or around March 25, 2010, and that Mr. Newland stated that Bayer infringes the '755 patent.

15.   Biogen admits that Mr. Newland and Mr. Meece spoke on or around April 5, 2010, and discussed Bayer's infringement of the '755 patent, but denies that Mr. Newland "declined to provide an explanation" for the basis of Biogen's contention of infringement. Biogen denies the remaining allegations of paragraph 15.

16.   Biogen admits that Mr. Newland and Mr. Meece spoke on or around April 5, 2010, and that Mr. Newland proposed a non-exclusive license to the '755 patent for a royalty rate of 8 to 8.5 percent.  Biogen denies the remaining allegations of paragraph 16.

17.   Biogen admits that Mr. Newland and Mr. Meece spoke on or around April 5, 2010, and that Mr. Newland suggested a meeting with Mr. Meece and that Mr. Meece

responded by stating: "Thanks for the telecon and follow up note, Bart. A meeting after we have analyzed the situation may be beneficial. Let's see after we look at the patent and history in detail." Biogen denies the remaining allegations of paragraph 17.

18. Biogen admits the allegations of paragraph 18, and further states that Mr. Meece sent an e-mail to Mr. Groombridge on the same date, May 26, 2010, in which he stated: "I appreciate your offer to move things along" and "we are presently analyzing the ['755] patent."

19. Biogen admits that on May 27, 2010, Mr. Meece sent an e-mail to Mr. Newland of Biogen stating that Bayer had considered the '755 patent, that Bayer had decided to decline Biogen's offer of a license, that Bayer believed further negotiations would be unfruitful, and that Bayer understood that the negotiations between Bayer and Biogen regarding the '755 patent had concluded. Biogen denies the remaining allegations of paragraph 19.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY

20. Biogen incorporates its foregoing responses to paragraphs 1-19 as if fully set forth herein.

21. Biogen admits that there is an actual controversy between Bayer and Biogen concerning the validity of the '755 patent, but denies that Bayer's claims are valid or sustainable.

22. Biogen denies the allegations of paragraph 22.

23. Biogen admits that Bayer seeks a declaration regarding the validity of the '755 patent, but denies that Bayer's claims are valid or sustainable.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

24. Biogen incorporates its foregoing responses to paragraphs 1-23 as if fully set forth herein.

25.     Biogen admits that there is an actual controversy between Bayer and Biogen concerning Bayer's infringement of the '755 patent, but denies that Bayer's claims are valid or sustainable.

26.     Biogen denies the allegations of paragraph 26.

27.     Biogen admits that Bayer seeks a declaration regarding Bayer's infringement of the '755 patent, but denies that Bayer's claims are valid or sustainable.

## COUNTERCLAIMS FOR PATENT INFRINGEMENT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff Biogen Idec MA Inc. ("Biogen") for its Counterclaims against Counterclaim Defendant Bayer Healthcare Pharmaceuticals Inc. ("Bayer") alleges as follows:

### THE PARTIES

28.     Biogen is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 133 Boston Post Road, Weston, Massachusetts 02493.  Biogen is a leading biotechnology company in the United States focusing on various therapeutic products, including, but not limited to, immunomodulators. Biogen's products have earned wide acceptance by both physicians and patients, including, but not limited to, Biogen's AVONEX®, an interferon-beta ("IFN-β") product that is approved by the U.S. Food and Drug Administration ("FDA") for the treatment of relapsing forms of multiple sclerosis to slow the accumulation of physical disability and decrease the frequency of clinical exacerbations via immunomodulation.

29.     On information and belief, Bayer, formerly known as Berlex Inc. ("Berlex"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6 West Belt, Wayne, New Jersey 07470, and facilities at 340

Changebridge Road, P.O. Box 1000, Montville, New Jersey 07045.  On information and belief, Bayer is in the business of manufacturing various therapeutic products, including, but not limited to, BETASERON® and EXTAVIA®, IFN-β products that are FDA-approved for the treatment of multiple sclerosis via immunomodulation, and distributing and/or selling those products in the State of New Jersey and throughout the United States.

### NATURE OF THE ACTION

30.     This is an action arising under the patent laws of the United States (Title 35, United States Code, § 100, *et seq.*) based upon Bayer's infringement of claim 1 of Biogen's U.S. Patent No. 7,588,755, entitled "DNA SEQUENCES, RECOMBINANT DNA MOLECULES AND PROCESSES FOR PRODUCING HUMAN FIBROBLAST INTERFERON-LIKE POLYPEPTIDES" ("the '755 patent"), relating generally to immunomodulation and treatments using recombinant interferon-like polypeptides, including IFN-β.

31.     Chiron Corp. ("Chiron") and Berlex (now Bayer) filed Biologics License Application No. 103471 (the "Bayer BLA") under § 351(a) of the PHSA, 42 U.S.C. § 262(a), to obtain approval to commercially make, use, offer to sell, and/or sell IFN-β for the treatment of multiple sclerosis via immunomodulation.  The FDA approved the Bayer BLA on July 23, 1993, and Chiron began to manufacture and Berlex (now Bayer) began to distribute their IFN-β product under the trade name BETASERON®.

32.     On information and belief, in 2006, Novartis acquired Chiron, including rights to the Bayer BLA.  In an agreement between Novartis and Bayer in 2007, Bayer became the exclusive license holder of the Bayer BLA and Bayer agreed to manufacture BETASERON® for Novartis as a separate brand under a separate BLA.

33.     Bayer currently is making, using, offering to sell and/or selling BETASERON® in the United States for the treatment of multiple sclerosis via immunomodulation.

34.     On May 6, 2008, Novartis and Bayer filed Biologics License Application No. 125290 (the "Novartis BLA") under § 351(a) of the PHSA, 42 U.S.C. § 262(a), to obtain approval to commercially make, use, offer to sell, and/or sell IFN-β for the treatment of multiple sclerosis via immunomodulation.  The FDA approved the Novartis BLA on August 14, 2009, and Bayer began to manufacture and Novartis began to distribute their IFN-β product under the trade name EXTAVIA®.

35.     Bayer currently is making, using, offering to sell and/or selling EXTAVIA® in the United States for the treatment of multiple sclerosis via immunomodulation.

## JURISDICTION AND VENUE

36.     This Court has subject matter jurisdiction over Biogen's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

37.     This Court has personal jurisdiction over Bayer, by virtue of, inter alia, it residing in this judicial district, having conducted business in New Jersey, having availed itself of the rights and benefits of New Jersey law, and having engaged in substantial and continuing contacts with the State.  In addition, Bayer consented to jurisdiction by bringing this suit against Biogen in this district.

38.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(b), and by the Plaintiff-Counterclaim Defendant's choice of forum.

## THE PATENT-IN-SUIT
## (U.S. PATENT NO. 5,908,755)

39.     The allegations of ¶¶ 28-38 are incorporated herein by reference.

40.    Biogen is the owner of all right, title and interest in the '755 patent.  The United States Patent and Trademark Office duly and legally issued the '755 patent on September 15, 2009, to Walter Charles Fiers, which was assigned to Biogen.  A true and correct copy of the '755 patent is attached to this Complaint as Exhibit A.

41.    Bayer states in its respective package inserts and/or labels for BETASERON® and EXTAVIA® that the products are IFN-β products that are approved for the treatment of multiple sclerosis.

42.    The use of BETASERON® and EXTAVIA® for the treatment of multiple sclerosis via immunomodulation is covered by the '755 patent, and Biogen has the right to enforce the '755 patent.

43.    On information and belief, Bayer was aware of the existence of the '755 patent prior to the filing of its complaint.  Bayer, however, does not have a license to the '755 patent.

### FIRST COUNT FOR RELIEF
### (INFRINGEMENT OF THE '755 PATENT – BETASERON®)

44.    The allegations of ¶¶ 28-43 are incorporated herein by reference.

45.    On information and belief, Chiron and Bayer obtained FDA approval to commercially manufacture, use, offer for sale and sell BETASERON® for the treatment of multiple sclerosis via immunomodulation under the Bayer BLA before the expiration of the '755 patent.

46.    On information and belief, in 2007 Bayer became the exclusive license holder of the Bayer BLA and has commercially manufactured, used, offered for sale and sold BETASERON® for the treatment of multiple sclerosis via immunomodulation before the expiration of the '755 patent.

47.     Bayer has infringed the '755 patent under 35 U.S.C. § 271(a), (b) and (c) by virtue of its commercial manufacture, use, offer for sale and sale of BETASERON® in the United States for the treatment of multiple sclerosis via immunomodulation that are covered by claim 1 of the '755 patent.

48.     Bayer was aware of the existence of the '755 patent prior to the filing of this complaint, but has refused to take a license to the '755 patent.  Bayer continues to manufacture, sell and offer to sell BETASERON® in willful, intentional, and deliberate infringement of claim 1 of the '755 patent.

49.     Bayer's participation in, contribution to, aiding, abetting, and/or inducement of the use of BETASERON® for the treatment of multiple sclerosis via immunomodulation constitutes infringement of claim 1 of the '755 patent under 35 U.S.C. § 271(a), (b) and (c).

50.     Biogen will be irreparably harmed by Bayer if Bayer continues to infringe, actively induce infringement or contribute to the infringement of claim 1 of the '755 patent. Biogen does not have an adequate remedy at law.

51.     Biogen is also entitled to damages under 35 U.S.C. § 284 for Bayer's infringement and willful infringement of claim 1 of the '755 patent.

### SECOND COUNT FOR RELIEF
### (INFRINGEMENT OF THE '755 PATENT – EXTAVIA®)

52.     The allegations of ¶¶ 28-51 are incorporated herein by reference.

53.     On information and belief, Novartis and Bayer obtained approval to commercially manufacture, use, offer for sale and sell EXTAVIA® for the treatment of multiple sclerosis via immunomodulation under the Novartis BLA before the expiration of the '755 patent.

54.     On information and belief, Bayer has commercially manufactured, used, offered for sale and sold EXTAVIA® for the treatment of multiple sclerosis via immunomodulation before the expiration of the '755 patent.

55.     Bayer has infringed the '755 patent under 35 U.S.C. § 271(a), (b) and (c) by virtue of its commercial manufacture, use, offer for sale and sale of EXTAVIA® in the United States for the treatment of multiple sclerosis via immunomodulation that are covered by claim 1 of the '755 patent.

56.     Bayer was aware of the existence of the '755 patent prior to the filing of this complaint, but has refused to take a license to the '755 patent.  Bayer continues to manufacture, sell and offer to sell EXTAVIA® in willful, intentional, and deliberate infringement of claim 1 of the '755 patent.

57.     Bayer and Novartis are jointly and severally liable for any infringement of claim 1 of the '755 patent.  Bayer's participation in, contribution to, aiding, abetting, and/or inducement of the use of EXTAVIA® for the treatment of multiple sclerosis via immunomodulation constitutes infringement of claim 1 of the '755 patent under 35 U.S.C. § 271(a), (b) and (c).

58.     Biogen will be irreparably harmed by Bayer if Bayer continues to infringe, actively induce infringement or contribute to the infringement of claim 1 of the '755 patent. Biogen does not have an adequate remedy at law.

59.     Biogen is also entitled to damages under 35 U.S.C. § 284 for Bayer's infringement and willful infringement of claim 1 of the '755 patent.

### PRAYER FOR RELIEF

WHEREFORE, Biogen respectfully requests that this Court enter judgment in its favor against Bayer and grant the following relief:

A.      an adjudication that Bayer has infringed claim 1 of the '755 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), by the commercial manufacture, use, offer for sale, or sale in the United States, and/or importation or distribution into the United States, of BETASERON® for the treatment of multiple sclerosis via immunomodulation before the expiration of the '755 patent;

B.      an adjudication that Bayer has infringed claim 1 of the '755 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), by the commercial manufacture, use, offer for sale, or sale in the United States, and/or importation or distribution into the United States, of EXTAVIA® for the treatment of multiple sclerosis via immunomodulation before the expiration of the '755 patent;

C.      a judgment declaring that the commercial manufacture, use, offer for sale, or sale in the United States, and/or importation or distribution into the United States, of the products described the Bayer BLA, or inducing or contributing to such conduct, would constitute infringement of claim 1 of the '755 patent by Bayer pursuant to 35 U.S.C. § 271 (a), (b) and/or (c);

D.      a judgment declaring that the commercial manufacture, use, offer for sale, or sale in the United States, and/or importation or distribution into the United States, of the products described in the Novartis BLA, or inducing or contributing to such conduct, would constitute infringement of claim 1 of the '755 patent by Bayer pursuant to 35 U.S.C. § 271 (a), (b) and/or (c);

E.      a determination that Bayer's infringement is and has been willful, and that this is an exceptional case under 35 U.S.C. § 285;

11

F.      an award of damages sustained as a result of Bayer's infringement, in an amount to be ascertained at trial, including (i) a reasonable royalty on sales of Bayer's products under their respective BLAs; and (ii) Biogen's lost profits;

G.      a trebling for any and all damages pursuant to 35 U.S.C. § 284;

H.      an assessment of pre-judgment and post-judgment interest and costs against Bayer, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

I.      an award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

J.      such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Biogen hereby demands a trial by jury on all issues properly so triable.

Dated: July 26, 2010
        Chatham, New Jersey

                          Respectfully submitted,

                          **MARINO, TORTORELLA & BOYLE, P.C.**
                          437 Southern Boulevard
                          Chatham, New Jersey 07928-1488
                          Phone:     (973) 824-9300
                          Facsimile: (973) 824-8425

                          By:  /s Kevin H. Marino
                               Kevin H. Marino
                               kmarino@khmarino.com

                          *Attorneys for Defendant-Counterclaim Plaintiff*
                          *Biogen Idec MA Inc.*

OF COUNSEL:

Nicholas Groombridge
Elizabeth Stotland Weisswasser
Peter Sandel
Josephine Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007