**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Ricardo Solano Jr.
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400

**GIBSON, DUNN & CRUTCHER LLP**
Wayne M. Barsky
Michael A. Sitzman
Robert A. Vincent
David Glandorf
Tanya Mazur
2029 Century Park East
Los Angeles, CA 90067
(310) 557-8183

*Attorneys for Defendants EMD Serono, Inc. and Ares Trading S.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BIOGEN '755 PATENT LITIGATION | Civil Action No.: 10-cv-02734(PGS)(ES) |
| | Honorable Peter G. Sheridan |
| | Return Date: November 1, 2010 |
| | Oral Argument Requested |

**DEFENDANT ARES TRADING S.A.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................. 1

II. STATEMENT OF RELEVANT FACTS ..................................................... 2

    A. The Nonsuit and Option Agreement ..................................................... 2

    B. Biogen's Allegations .............................................................................. 3

III. DISCUSSION ............................................................................................... 4

    A. Legal Standards for Compelling Arbitration and Issuing a Stay ....................................................................................................... 5

REDACTED

IV. CONCLUSION .......................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Battaglia v. McKendry*,
    233 F.3d 720 (3d Cir. 2000) ............................................................................... 9

*Brayman Constr. Corp. v. Home Ins. Co.*,
    319 F.3d 622 (3d Cir. 2003) ............................................................................. 10

*Buckeye Check Cashing, Inc. v. Cardegna*,
    546 U.S. 440 (2006) ...................................................................................... 5, 6

*Century Indemnity Co. v. Certain Underwriters at Lloyd's*,
    584 F.3d 513 (3d Cir. 2009) ........................................................................ 5, 6

*City of Haverhill v. George Brox, Inc.*,
    47 Mass.App.Ct. 717 (1999) ............................................................................ 7

*Medtronic AVE Inc. v. Cordis Corp.*,
    367 F.3d 147 (3d Cir. 2004) ............................................................................. 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*,
    473 U.S. 614 (1985) .......................................................................................... 5

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
    388 U.S. 395 (1967) .......................................................................................... 6

*Quirk v. Data Terminal Systems, Inc.*,
    379 Mass. 762 (Mass. 1980) ............................................................................ 7

*Scherk v. Alberto-Culver Co.*,
    417 U.S. 506 (1974) .......................................................................................... 5

## Statutes

9 U.S.C. § 3 ............................................................................................................ 6, 11
9 U.S.C. § 4 ................................................................................................................. 6

I.  **PRELIMINARY STATEMENT**

In its First Amended Complaint filed August 16, 2010 ("FAC"), Biogen Idec MA Inc. ("Biogen") added a declaratory judgment claim (the "Sixth Count for Relief") based on a "confidential document titled 'Nonsuit and Option Agreement' between Biogen, Inc. (now Biogen) and Ares Trading SA dated October 12, 2000." FAC, ¶ 9.  In its Sixth Count for Relief, Biogen seeks a declaratory judgment that (1) the Nonsuit and Option Agreement is not a valid and enforceable agreement, and (2) the Agreement has been breached by Ares Trading S.A. ("Ares") and is now terminated.  FAC, ¶¶ 9, 20-21, 84-87.

Ares now moves to compel arbitration of Biogen's Sixth Count for Relief

REDACTED

Ares therefore respectfully requests that the Court

REDACTED         stay litigation of

Biogen's Sixth Count for Relief pending the completion of such arbitration.

1

## II. STATEMENT OF RELEVANT FACTS

REDACTED

---

[1] Biogen, Inc. is the predecessor-in-interest to Plaintiff Biogen Idec MA, Inc. *See* FAC, ¶ 9.

[2] The Agreement has been filed under seal in paper form only pursuant to Ares' concurrently filed Motion to Seal and letter application to the Court.

REDACTED

**B.     Biogen's Allegations**

In its FAC, Biogen seeks a declaratory judgment that the Agreement is not valid or enforceable because, according to Biogen, "[Ares][3] and/or its affiliates, including EMD Serono . . . , purport to have no obligations to Biogen and to have provided no consideration to Biogen in exchange for Biogen's purported promises

---

[3]  Biogen's First Amended Complaint sometimes refers to the signatory of the Agreement as "Ares Serono." The signatory is, in fact, Ares Trading S.A., the moving party herein.

3

and relinquishment of valuable rights." FAC, ¶ 20.  Biogen further alleges that "[Ares] and/or its affiliates, including EMD Serono, have breached any agreement that could have existed under the Nonsuit/Option Document by challenging the validity of the '755 patent in EMD Serono's Answer in this action . . . in violation of section 6.4 of the Nonsuit/Option Document and the implied covenant of good faith and fair dealing, and through their continued and ongoing infringement have simultaneously revoked and/or rejected any right of acceptance they may have had." *Id.*, ¶ 21.

### III.  DISCUSSION

Biogen's Sixth Count for Relief "arises out of and is related to" the Agreement                                             REDACTED

As a matter of federal and Massachusetts law, this is true despite Biogen's challenge to the validity and enforceability of the Agreement, and its claim that the Agreement has been breached or terminated.[4]

---

[4]              REDACTED

A.   **Legal Standards for Compelling Arbitration and Issuing a Stay**

The Federal Arbitration Act ("FAA") applies to agreements that involve an international commercial transaction. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519-520 (1974).

REDACTED

Congress designed the FAA to "overcome judicial resistance to arbitration" and to "embod[y] the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). "The strong federal policy favoring arbitration applies with special force in the field of international commerce." *Century Indemnity Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985)).

The Third Circuit has made clear that this Court must determine 1) whether there is an agreement to arbitrate, and if so, 2) whether the dispute at issue falls within the scope of that agreement. *Century*, 584 F.3d at 523. For the first inquiry, the Court applies "ordinary state-law principles that govern the formation of contracts." *Id.* at 524 (citations omitted). Once the Court determines that there is a valid agreement to arbitrate, the issue of whether a dispute is within the arbitration provision is resolved as a matter of federal law. *Id.* In making this latter

determination, the Court applies a "presumption of arbitrability." *Id.* (quotation and citation omitted).

If the parties' dispute falls within a valid arbitration provision, the FAA requires that the Court compel the parties to arbitrate according to the terms of the agreement.  9 U.S.C. § 4; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967) (holding that a federal court must order arbitration to proceed once it determines there is a valid agreement to arbitrate the dispute). Once arbitration has been ordered, the judicial proceedings should then be stayed in accordance with Section 3 of the FAA.  *See* 9 U.S.C. § 3.

REDACTED

Biogen's Sixth Count for Relief attacks the validity of the Agreement *generally*, arguing that Ares allegedly "provided no consideration to Biogen in exchange for Biogen's purported promises and relinquishment of valuable rights," FAC, ¶ 20,

REDACTED

The U.S. Supreme Court has repeatedly made clear that "unless the challenge is to *the arbitration clause itself*, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) (italics supplied); *see also Prima Paint,*

6

388 U.S. at 403-04 (challenges to the validity of a contract generally, rather than to the arbitration provision specifically, must be resolved in arbitration). The same is true under Massachusetts law. *See Quirk v. Data Terminal Systems, Inc.*, 379 Mass. 762, 766 (Mass. 1980) (following the reasoning of *Prima Paint* in holding that, under Massachusetts law, only challenges to the arbitration provision itself may be resolved by the court).

Biogen alleges that the Agreement is unenforceable, REDACTED Nor could it do so. Under Massachusetts law, an arbitration provision "shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." G.L.c. 251, § 1. For example, the courts in *Prima Paint* and *Quirk* both held that allegations of fraud in the inducement of *the arbitration clause specifically* could be heard by the court, but allegations of fraud in the inducement of the *contract as a whole* must be submitted to arbitration. *See Prima Paint,* 388 U.S. at 403-04 ("[I]f the claim is fraud in the inducement of the arbitration clause itself . . . the federal court may proceed to adjudicate it. But the [FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally."); *Quirk*, 379 Mass. at 768 ("Where, as here, there is no claim that the arbitration clause itself was induced by fraud, it would

7

frustrate the legislative intent to permit a party to maintain litigation in the courts merely by alleging fraud in the inducement of the contract as a whole.").

Thus, Biogen's allegations regarding the unenforceability of the contract as a whole do not, as a matter of both federal and state law, permit Biogen to end-run

REDACTED

This type of "arising under" contract language is given an "expansive interpretation" by the Third Circuit as a matter of law, and "overwhelmingly suggests that a given dispute is arbitrable." *Medtronic AVE Inc. v. Cordis Corp.*, 367 F.3d 147, 150 (3d Cir. 2004).

REDACTED

8

As explained above, both federal and Massachusetts law require that Biogen's attack on the Agreement as a whole be resolved     REDACTED

The Third Circuit has specifically held that "when phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction, and are *generally construed to encompass claims going to the formation of the underlying agreements*." *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) (italics supplied).  Here, Biogen's Sixth Count for Relief challenges the validity of the Agreement generally and asserts that it must fail for lack of consideration.  As such, the Sixth Count is a "claim going to the formation of the underlying agreement[]" and thus "arises out of or is related to" the Agreement.  *Battaglia,* 233 F.3d at 727.

REDACTED

Biogen also asserts in its Sixth Count for Relief that Ares breached Section 6.4 of the Agreement by challenging the validity of Biogen's patent, and thus revoked and/or terminated the Agreement.  FAC, ¶ 21.

9

REDACTED

The Third Circuit has made clear that "[i]f the allegations underlying the claims 'touch matters' covered by [an arbitration clause in a contract], then those claims must be arbitrated, whatever the legal labels attached to them." *Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 626 (3d Cir. 2003) (quotation omitted).

REDACTED

## IV.   CONCLUSION

REDACTED

Ares

10

further requests that litigation of Biogen's Sixth Count for Relief be stayed pursuant to Section 3 of the FAA pending any such arbitration.  See 9 U.S.C. § 3.

Dated:  October 8, 2010

Respectfully submitted,

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**


By:  /s/ Ricardo Solano Jr.

Ricardo Solano Jr.
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400

**GIBSON, DUNN & CRUTCHER LLP**
Wayne M. Barsky
Michael A. Sitzman
Tanya Mazur
David Glandorf
Robert A. Vincent
2029 Century Park East
Los Angeles, CA 90067
(310) 557-8183

*Attorneys for Defendants EMD Serono, Inc. and Ares Trading S.A.*

11