**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
2 FEDERAL SQUARE, ROOM 369
NEWARK, NJ 07101

July 16, 2015

**LETTER ORDER**

Re:   **In re Biogen '755 Patent Litigation**
      **Civil Action No. 10-2734 (CCC)**

Dear Counsel:

Currently pending before the Court is Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") request to stay discovery pending an appeal of this Court's July 7, 2015 Order ("Order") granting Plaintiff Biogen Idec MA Inc.'s ("Biogen") motion for discovery. [Docket Entry No. 348]. Biogen has opposed Bayer's request. [Docket Entry No. 349]. Upon review of the submissions of counsel, and for the reasons that follow, Bayer's request to stay discovery pending the forthcoming appeal is DENIED.

**I.   BACKGROUND**[1]

The parties and the Court are all familiar with the facts underlying this litigation. As such, the Court shall not restate same at length herein. This case is a consolidated action arising out of declaratory judgment and patent infringement actions that were filed in May 2010 involving Biogen's '755 patent. The parties fully briefed claim construction in mid-2011, and the District Court held the *Markman* hearing on January 12, 2012. Fact discovery concluded in January 2013 and the parties thereafter engaged in mediation efforts for a number of months. During status telephone conferences

---

[1] The following facts and procedural history are taken from the Court's July 7, 2015 Order. [Docket Entry No. 346].

with the parties held on June 9 and September 10, 2014, the parties advised the Court that the litigation and any mediation efforts were essentially at a stand-still because the parties' settlement negotiations, as well as the remaining deadlines in the pretrial scheduling order, were entirely dependent on the Court's *Markman* ruling. Therefore, in an effort to keep the case moving as much as possible, the Court solicited suggestions from the parties on how to proceed in this matter absent a *Markman* decision from the District Court. Following a meet and confer session, Biogen filed a motion with a proposed schedule for expert discovery, which Bayer opposed.

On July 7, 2015 this Court issued an Order granting Biogen's motion. Specifically, the Court found that "it is incumbent upon the Court to keep litigation progressing if it can do so without prejudice to either side." *Order* at 5; Docket Entry No. 346. In granting Biogen's motion, the Court limited the discovery period to 60 days and restricted expert discovery to consideration of Biogen's proposed claim construction only. Bayer now seeks a stay of the Court's Order pending an appeal of same to the District Court.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a dispositive motion only on a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.,* 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see Perelman v. Perelman*, Civ. No. 10-5622, 2011 U.S. Dist. LEXIS 85470, at *2-3 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted).

Indeed, courts generally do not favor granting motions to stay discovery "because when discovery is delayed or prolonged it can create case management problems which impede the court's

responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle v. Hornell Brewing Co.,* 2009 U.S. Dist. LEXIS 49109, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted). Nonetheless, this Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Coyle*, 2009 U.S. Dist. LEXIS 49109, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Chamales*, 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).

### III.   DISCUSSION

Bayer requests that the Court stay compliance with its July 7th Order granting discovery pending Bayer's appeal of that Order. Bayer argues that proceeding with discovery before the Court has issued a *Markman* ruling "is grossly inefficient, needlessly expensive, and prejudicial." *See* Docket Entry No. 348 at 1. Bayer contends that this new schedule will result in duplicative discovery, and that a stay of compliance pending Bayer's appeal of the Order is not prejudicial, as "discovery has been stayed effectively for years[.]" *Id.* at 2.

Biogen opposes Bayer's request, arguing that stasis of litigation is "precisely the reason that the Court solicited suggestions from the parties on how to move the case forward[.]" *See* Docket Entry No. 349 at 1. Biogen submits that Bayer's arguments have already been "previously litigated and rejected by this Court" and that a continued stay of discovery will prejudice Biogen. *Id.*

The Court finds that Biogen is correct in noting that a continued stay of discovery is precisely what the Court had hoped to avoid when it solicited proposals on how to move this matter forward absent a *Markman* ruling. Staying discovery pending a forthcoming appeal would not only undermine the Court's Order and its reasoning behind granting Biogen's motion, but it also essentially

requires the Court to overrule its finding that discovery is warranted at this juncture. The Court finds that Bayer's proffered reasons in support of a stay fall short of establishing good cause, as they are merely reiterations of Bayer's arguments in its opposition to Biogen's discovery motion.[2] Therefore, the Court, in exercising its broad discretion to manage its docket, finds that discovery should proceed as ordered.

## IV.     CONCLUSION

In light of the foregoing, Bayer's request to stay discovery pending an appeal of the Court's July 7th Order is DENIED.

**IT IS SO ORDERED.**

        s/ James B. Clark, III
**JAMES B. CLARK, III
United States Magistrate Judge**

---

[2] Indeed, Bayer concedes that these reasons were "discussed in [the] Opposition (Docket No. 318)[.]" Docket Entry No. 348 at 1.