# EXHIBIT A



DAVID DELORENZI
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4637 Fax: (973) 639-6482
smcshane@gibbonslaw.com

January 28, 2016

**VIA FACSIMILE**

Honorable James B. Clark, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  *In re:* Biogen '755 Patent Litigation
     Civil Action No.: 10-2734 (CCC)(JAD)

Dear Magistrate Judge Clark:

We, along with Gibson, Dunn & Crutcher LLP, represent Defendants EMD Serono, Inc. ("Serono") and Pfizer Inc. ("Pfizer"), in the above-referenced matter. We respectfully submit this letter to request that Your Honor compel Plaintiff Biogen Idec, MA Inc. ("Biogen") to present a corporate representative in response to the deposition notice Serono and Pfizer served on August 10, 2015 ("Deposition Notice"). Over Serono's and Pfizer's objections, Your Honor granted Biogen's request to re-open damages-related discovery. Serono and Pfizer complied with Your Honor's ruling and updated their discovery responses, searched for, reviewed, and produced additional documents, and presented corporate representatives for deposition in response to Biogen's 30(b)(6) notice. But, despite the fact that Biogen has received additional damages-related discovery from Defendants, it has refused to provide a witness in response to Serono and Pfizer's Deposition Notice seeking critical information regarding Biogen's damages claim.

One of the most important issues in this case is Biogen's claim of lost profits, which Biogen has asserted from the outset of this case. *See* Complaint, at 16. Biogen's counsel has stated that its lost profits claim is in the multiple billions of dollars and, if successful, would be by far the largest patent damages amount in U.S. history. The issue of lost profits is so important that Serono and Pfizer successfully requested leave to file an early motion for summary judgment of no lost profits. *See* Dkt. 272. In opposition to Serono's and Pfizer's motion, Biogen asserted that summary judgment was precluded by disputed factual issues, namely, whether Serono would have voluntarily withdrawn its flagship product from the market in 2009 when the patent-in-suit issued, rather than pursue a non-infringing alternative action available to Serono.

GIBBONS P.C.

January 28, 2016
Page 2

ECF No. 277 at 29-33. In February 2015, a hearing was held on that motion, which is still pending.

After briefing on Serono's and Pfizer's summary-judgment motion, Biogen moved to re-open damages-related discovery. Biogen first alleged in this case that it suffered lost sales of its product, Avonex®, due to sales of Serono's product, Rebif®. Biogen updated its allegations to argue that it has lost sales of two other products, Tecfidera® and Plegridy®, that Biogen released after this case was filed, and Biogen asked to re-open damages discovery to address these expanded lost-profits allegations. Serono and Pfizer objected to re-opening discovery, arguing in part (as Your Honor acknowledged) that "additional damages discovery related to the new products will require the opportunity to conduct depositions and a more thorough inquiry into the expanded damages claim." ECF No. 346 at 4. Despite these objections and the necessity of additional depositions, Your Honor granted a supplemental period of discovery. *Id.* at 5.

Given Biogen's successful request for additional damages discovery, Serono and Pfizer served its Deposition Notice on Biogen, listing a single topic going directly to the alleged factual dispute Biogen contends precludes summary judgment on the issue of lost profits:

> Biogen's allegation that it has suffered lost profits regarding sales of AVONEX® TECFIDERA® and/or PLEGRIDY® due to sales of REBIF®, including any contention that Serono would have withdrawn REBIF® from the market rather than pursue a non-infringing alternative action allowing it to lawfully compete.

Despite successfully requesting, over Serono's and Pfizer's objections, a supplemental damages discovery period, and despite acknowledging that it possesses non-privileged information called for by this topic, Biogen refuses to present a witness. During the parties' meet-and-confer discussions,[1] Biogen argued that because this topic allegedly seeks Biogen's "litigation contentions," it will not present a witness unless Serono and Pfizer amend their notice to limit the scope of the topic to "facts." Serono and Pfizer have made clear that they are not seeking the mental impressions of counsel or any other privileged information. Rather, they are properly seeking testimony regarding the basis of Biogen's billion-dollar lost profits claim, including the alleged factual dispute Biogen contends precludes summary judgment. *See Bracco Diagnostics, Inc. v. Amersham Health Inc., et al.*, No. 03-6025 (SRC), 2005 U.S. Dist. LEXIS 26854, *9-10 (D.N.J., Nov. 4, 2005); *see also Lopez v. CSX Transp., Inc.*, No. 3:14-257, 2015 U.S. Dist. LEXIS 139913, **39-40 (W.D. Pa. Oct. 14, 2015) ("Courts within the Third Circuit follow the approach that parties may use Rule 30(b)(6) depositions to explore facts underlying legal claims and theories."). Serono and Pfizer should not be forced to limit the scope of their

---

[1] The parties have met and conferred on several occasions regarding Serono's and Pfizer's deposition notice, including a telephonic conference on August 19, 2015. Serono and Pfizer wrote several follow up emails attempting to resolve the issue, the latest following the January 5, 2016 telephonic conference with Your Honor. But Biogen has not agreed to provide a witness for this topic as stated.

GIBBONS P.C.

January 28, 2016
Page 3

properly noticed topic beforehand, only to invite disagreements at the deposition regarding what questions seek "facts" versus "contentions." Biogen is free to make whatever objections it wishes during the deposition if it believes Serono and Pfizer's questions improperly intrude into a privileged area. But it cannot refuse to present a witness altogether for a topic that calls for admittedly relevant and discoverable information.

Biogen is pursuing a multi-billion-dollar lost-profits claim. But when Serono and Pfizer sought deposition testimony regarding the basis of that claim during the supplemental discovery period that Biogen asked for, Biogen refused. Thus, we respectfully ask the Court to compel Biogen to provide a witness in response to Serono's and Pfizer's Deposition Notice by February 26, 2016, before the exchange of expert reports in this matter.

We thank the Court for its attention and courtesies.

Respectfully,

s/ David DeLorenzi

cc:     Counsel of Record (via email)

# Fax Confirmation Report

Date/Time      : JAN-28-2016 03:44PM THU
Fax Number     : 1234
Fax Name       :
Model Name     : Phaser 3635MFP

Total Pages Scanned:     4

| No. | Remote Station | Start Time | Duration | Page | Mode | Job Type | Result |
|---|---|---|---|---|---|---|---|
| 001 | 19736453020 | 01-28 03:42PM | 01'28 | 004/004 | EC | HS | CP |

Abbreviations:
HS: Host Send         PL: Polled Local        CP: Completed    TS: Terminated by System
HR: Host Receive      PR: Polled Remote       FA: Fail         TU: Terminated by User
MS: Mailbox Save      WS: Waiting To Send     RP: Report       G3: Group3
MP: Mailbox Print     EC: Error Correct



## GIBBONS P.C.

ONE GATEWAY CENTER
NEWARK, NJ 07102-5310

OFFICE:   (973) 596-4500
TELECOPY: (973) 596-0545

### Telecopy Cover Sheet

TELECOPY NUMBER: 973-645-3020     CONTACT NUMBER: 973-645-6653

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME: Honorable James B. Clark, U.S.M.J.
FROM: David E. De Lorenzi
RE:   110323 - 72227        DATE: Jan 28, 2016
      Client    Matter

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:  4
TRANSMITTED BY: Fritz        TIME OF TRANSMISSION:

MESSAGE:

***CONFIDENTIALITY NOTE***
The documents accompanying this telecopy transmission contain information from the law firm of Gibbons P.C. which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited, and that the documents should be returned to this firm immediately. In this regard, if you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CALL US AS SOON AS POSSIBLE.

#1386947 v2
0P9998-00004