Robert M. Goodman, Esq.
GREENBAUM, ROWE, SMITH & DAVIS LLP
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068
Telephone:   (973) 535-1600
Facsimile:    (973) 535-1698
Attorneys for Plaintiff Bayer HealthCare Pharmaceuticals Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE BIOGEN '755 PATENT LITIGATION | Civil Action No. 10-cv-02734 (CCC) (JBC) (consolidated) |

**DECLARATION OF THOMAS S. FLETCHER
IN SUPPORT OF BAYER'S REPLY IN SUPPORT OF
<u>ITS MOTION TO STRIKE</u>**

I, THOMAS S. FLETCHER, declare:

    1.    I am a partner at the law firm of Williams & Connolly LLP, the attorneys of record for defendant Bayer HealthCare Pharmaceuticals Inc. I am a member in good standing of the bars of the State of California and the District of Columbia, and I am admitted *pro hac vice* to appear in this case.

    2.    I make this declaration in support of Bayer's reply dated January 5, 2017 in support of its motion to strike dated December 23, 2016.

I.    **Follow-Up Discovery Efforts**

3.    On December 23, 2016, my colleague David Krinsky transmitted a letter to counsel for Biogen seeking various materials not produced with the expert report that Biogen served on December 20. A copy of this letter is available at ECF No. 486-4.

4.    As of December 28, 2016, Biogen's counsel had not responded to the letter. Attached hereto as **Exhibit A** is a true and correct copy of a letter sent by me to counsel for Biogen on December 28, 2016.

5.    On December 29, 2016, I received a response from Biogen's counsel. The response did not address certain points, including when Biogen retained Lofstrand Labs, so I sent another letter to Biogen's counsel on January 3, 2017. Attached hereto as **Exhibit B** is a true and correct copy of the January 3, 2017 letter sent by me to counsel for Biogen.

6.    On January 5, 2017, my colleague David Berl and I spoke by telephone with Peter Sandel, counsel for Biogen, to meet-and-confer concerning this series of letters. On this phone call, counsel for Biogen made a number of representations concerning the experimental testing at issue, as detailed below.

7.    Counsel for Biogen stated that Biogen and its counsel have no written retainer agreement with Lofstrand Labs. Counsel for Biogen characterized its

relationship with Lofstrand for purposes of this case as beginning in "late September."

8. Counsel for Biogen confirmed that Paul Weiss, a law firm representing Biogen in this matter, was the source of the DNA samples tested by Lofstrand. Counsel for Biogen stated that those samples were shipped to Lofstrand on October 12. Counsel for Biogen stated that the "Clone 4" sample had been ordered by Paul Weiss in September and had been stored at the Paul Weiss law firm for about one month before being shipped to Lofstrand. Counsel for Biogen stated that the "Clone 1" and "Clone 2" samples were generated by Dr. Pastor Couceyro, received by Paul Weiss on October 12, and shipped to Lofstrand on October 12. Counsel for Biogen indicated that Dr. Couceyro has "notes" concerning the creation of these samples that Biogen is still working to produce.

9. Counsel for Biogen indicated that it is not aware of the existence of any oral or written communications between Lofstrand and Dr. Couceyro, and thus has none to produce.

10. Counsel for Biogen stated that it never provided to Lofstrand a copy of Dr. Moore's expert report or protocol, but rather, provided to Lofstrand an "overview" of the experiment that Biogen wished to have performed. Counsel for Biogen acknowledged that the "overview" provided by counsel for Biogen to Lofstrand deviated from the protocol Lofstrand executed.

11. Upon request by counsel for Bayer, counsel for Biogen subsequently produced this afternoon a copy of this "overview" by email in PDF format. A true and correct copy of this PDF file, entitled "Southern Hybridization Overview sent to Lofstrand," is attached hereto as **Exhibit C**. The document indicates on page 4 that it is "our preliminary plan" and mentions by name "Charles River," not Lofstrand. In response to follow-up questions by email, Biogen's counsel confirmed that "The details of the experiment conducted have already been provided in the lab notebook and Project Information Summaries. These documents reflect the final experimental protocol used by Lofstrand and I'm not aware of any other protocol documents."

12. Counsel for Biogen stated that it had shipped for delivery on Friday, January 6 the DNA samples requested by Bayer in its December 23 letter.

## II.    Timeline for Sequencing the DNA Used by Lofstrand

13. In connection with the opening round of expert reports in this case, Bayer served a DNA sequencing report generated by GENEWIZ, Inc., South Plainfield, New Jersey.

14. After receiving confirmation from Biogen's counsel that it would produce DNA samples tested by Lofstrand, I contacted GENEWIZ to inquire whether it would be able to ascertain the DNA sequences of the DNA samples that Biogen indicated it would produce. GENEWIZ provided a timeline of 12 weeks to

complete the sequencing of the DNA samples. GENEWIZ has indicated to me that it is prepared to start its sequencing efforts as soon as practicable upon receiving the samples and that it can complete the project by mid-April.

### III.  Additional Exhibits

15. Attached hereto as **Exhibit D** is a true and correct copy of an email dated September 29, 2016 that I received from Biogen's counsel.

16. Attached hereto as **Exhibit E** is a true and correct copy of "Appendix B" to the Supplemental Rebuttal Expert of Dr. Pastor Couceyro.

17. Attached hereto as **Exhibit F** is a true and correct copy of the Opening Expert Report of Dr. Gordon P. Moore, which was served upon Biogen on July 29, 2016.

18. Attached hereto as **Exhibit G** is a true and correct copy of the Correction to Rebuttal Expert Report of Dr. Gordon P. Moore, which was served upon Biogen on November 10, 2016.

//

//

//

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and is within my personal knowledge pursuant to the provisions of Local Rule 7.2.

Dated: January 5, 2017
Washington, DC

**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Phone: (202) 434-5497

By: /s/ Tom Fletcher
Thomas S. Fletcher
tfletcher@wc.com