# MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA
PHILLIP S. PAVLICK

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

NEW YORK
888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
email: kmarino@khmarino.com

May 16, 2017

**VIA ECF**

Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

      Re:    *In re Biogen '755 Patent Litigation,*
               No. 2:10-cv-02734-CCC-JBC

Dear Judge Cecchi:

      We write in response to the May 1, 2017 letter from Defendant EMD Serono Inc. ("Serono") regarding the Federal Circuit's recent decision in *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017).

      *Mentor Graphics* addresses an issue that has not been raised by the defendants in this case: whether an award of lost profits damages calculated using the *Panduit* test must be further "apportioned" so that it "cover[s] only the patentee's inventive contribution" (a question to which the Federal Circuit held the answer is no). 851 F.3d at 1287. However, in its discussion of lost profits law *Mentor Graphics* makes two important points that show why Serono's motion should be denied.

      First, *Mentor Graphics* reiterates that the purpose of lost profits damages in patent law is to put the injured party "in the same position it would have occupied had the harmful act never occurred." *Id.* at 1284. *Mentor Graphics* also reaffirms that this is a question of fact: "[t]hus, the fact finder's job is to determine what would the patent holder have made (what would his profits have been) if the infringer had not infringed." *Id.* at 1285.

      Second, *Mentor Graphics* makes clear that the focus of the non-infringing alternative inquiry in the *Panduit* test is on <u>products</u> and in particular on the features that make the patented invention attractive to customers: "[t]he second factor—the absence of non-infringing alternatives—considers demand for particular limitations or features of the claimed invention." *Id.* at 1285. The decision also provides valuable insight into *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999). This is significant because Serono's motion is based almost entirely on a single sentence in the *Grain Processing* decision that refers to "alternative actions the infringer foreseeably would have undertaken had he not infringed." 185 F.3d at 1350-51. But in *Mentor Graphics*, the Federal Circuit confirmed that, whatever wording may have been

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Claire C. Cecchi, U.S.D.J.
May 16, 2017—Page 2

used, the holding of *Grain Processing* is directed to potential alternative products: "*see also Grain Processing*, 185 F.3d at 1349-53 (patentee could not obtain damages under *Panduit* because a <u>product</u> that was not even sold on the market was considered an acceptable non-infringing alternative)." 851 F.3d at 1285 (emphasis added).

For these reasons, Serono's motion should be denied and, as in *Mentor Graphics*, the issue of lost profits should be submitted to the jury. Thank you for your attention to this matter.

Respectfully submitted,

Kevin H. Marino

cc: All counsel of record