UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BIOGEN '755 PATENT LITIGATION | Civil Action No.: 10-2734 (CCC)(MF) (consolidated)<br><br>ORDER |

**CECCHI, District Judge.**

Before the Court are renewed motions for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50(b) by Plaintiff Biogen MA Inc. ("Biogen") and Defendants EMD Serono, Inc. ("Serono") and Pfizer Inc. ("Pfizer") (collectively, "Defendants"). ECF Nos. 980, 982. Biogen moves for entry of an Order granting JMOL: (1) that claims 1, 2, and 3 of United States Patent No. 7,588,755 (the "'755 patent") are not anticipated by prior-art uses of native, human interferon beta; (2) that Pfizer has induced the infringement of claims 1 and 2 of the '755 patent; (3) that Serono has induced the infringement of claims 1 and 2 of the '755 patent; (4) for Biogen on Defendants' defenses of patent ineligibility, improper inventorship, obviousness-type double patenting, and anticipation based on United States Patent No. 5,460,811 (the "Goeddel patent"); and (5) for Biogen on certain subsidiary damages issues. Biogen also moves conditionally and in the alternative for a new trial as to certain issues pursuant to Federal Rules of Civil Procedure 50(c) and 59, respectively. Defendants oppose each of Biogen's motions. ECF No. 991. Defendants move for entry of an Order granting JMOL that: (1) claims 1, 2, and 3 of the '755 patent are patent ineligible; (2) claims 1, 2, and 3 of the '755 patent are invalid for obviousness; (3) claims 1, 2, and 3 of the '755 patent are invalid for lack of enablement and lack

of adequate written description; (4) Pfizer has not contributed to the infringement of claims 1 and 2 of the '755 patent; and (5) Biogen is not entitled to recover lost profits damages. Biogen opposes each of Defendants' motions. ECF No. 989.

The Court heard oral argument on June 6, 2018. The parties also submitted letters following oral argument. ECF Nos. 1010, 1011, 1012, 1014, 1015, 1017, 1018. Having considered the parties' written submissions and oral presentations, and for the reasons set forth in the accompanying Opinion dated September 7, 2018, which has been filed under temporary seal,

**IT IS** on this 7th day of September, 2018,

**ORDERED** that Biogen's motion for JMOL pursuant to Rule 50(b) that the claims of the '755 patent are not anticipated by prior-art uses of native, human interferon beta is hereby **GRANTED**; it is further

**ORDERED** that Biogen's motion for a new trial as to the issue of anticipation by prior-art uses of native, human interferon beta is hereby conditionally **GRANTED** pursuant to Rule 50(c), and Biogen's alternative request for a new trial on this issue pursuant to Rule 59 is **DENIED AS MOOT**; it is further

**ORDERED** that Biogen's motion for JMOL pursuant to Rule 50(b) that Pfizer has actively induced the infringement of claims 1 and 2 of the '755 patent is hereby **GRANTED**; it is further

**ORDERED** that Biogen's motion for a new trial as to the issue of Pfizer's active inducement is hereby conditionally **GRANTED** pursuant to Rule 50(c), and Biogen's alternative request for a new trial on this issue pursuant to Rule 59 is **DENIED AS MOOT**; it is further

**ORDERED** that Biogen's motion for JMOL pursuant to Rule 50(b) that Serono has actively induced the infringement of claims 1 and 2 of the '755 patent is hereby **GRANTED**; it is further

**ORDERED** that Biogen's motion for a new trial as to the issue of Serono's active inducement is hereby conditionally **GRANTED** pursuant to Rule 50(c), and Biogen's alternative request for a new trial on this issue pursuant to Rule 59 is **DENIED AS MOOT**; it is further

**ORDERED** that Biogen's motion for JMOL pursuant to Rule 50(b) as to Defendants' defenses of patent ineligibility, obviousness-type double patenting, anticipation based on the Goeddel patent, and improper inventorship is hereby **GRANTED**; it is further

**ORDERED** that Biogen's motion for JMOL pursuant to Rule 50(b) on certain subsidiary damages issues is hereby **DENIED**; it is further

**ORDERED** that Biogen's motion for a new trial on all damages issues pursuant to Rule 59 is hereby **GRANTED**; it is further

**ORDERED** that Defendants' motions for JMOL pursuant to Rule 50(b) are hereby **DENIED**; it is further

**ORDERED** that this Court's September 7, 2018 Opinion will be unsealed on **September 21, 2018**, unless a motion to seal is filed by the parties by **September 18, 2018**; and it is further

**ORDERED** that the parties shall submit, by **September 18, 2018**, a proposed form of judgment consistent with this Order and the accompanying Opinion.

**SO ORDERED.**

_____
**HON. CLAIRE C. CECCHI**
**United States District Judge**