

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-44611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

January 13, 2021

**VIA ECF**

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   *In re* Biogen '755 Patent Litigation – Civil Action No. 10-2734 (CCC)(MF)

Dear Judge Cecchi:

We, along with Gibson, Dunn & Crutcher LLP, represent Defendants EMD Serono, Inc. and Pfizer Inc. in the above-referenced matter.  We write in response to Biogen's letter (ECF No. 1115) regarding the proposed final judgment (ECF Nos. 1110, 1111).

It has now been almost three years since the jury in this case, after a five-week trial, returned its unanimous verdict in favor of Serono and Pfizer, concluding that all claims of Biogen's U.S. Patent No. 7,588,755 (the "'755 patent") are invalid for anticipation.  On September 28, 2020, the Federal Circuit issued its unanimous opinion "revers[ing] the district court's grant of judgment as a matter of law of no anticipation and the conditional grant of a new trial on anticipation," and "remand[ing] with instructions to reinstate the jury verdict on anticipation."  *Biogen MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1337 (Fed. Cir. 2020).  The Federal Circuit denied Biogen's subsequent petition for rehearing and, on December 28, 2020, the appellate mandate issued to this Court.  ECF No. 1109; *Biogen MA Inc. v. EMD Serono, Inc.*, No. 19-1133, ECF No. 99 (Fed. Cir. Dec. 18, 2020).

Biogen now asks the Court to "stay" the entry of judgment for at least six months.  ECF No. 1115.  Biogen's request should be denied for at least three reasons.

*First*, this Court has no jurisdiction to consider—much less grant—Biogen's request. Article III prohibits this Court from taking any judicial action in the absence of a "case or controversy" between the parties.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)) ("In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy.").  Because the Federal Circuit has affirmed the jury's verdict that all claims of the '755 patent are invalid, there is no remaining controversy between the parties, and this

GIBBONS P.C.

January 13, 2021
Page 2

Court has no power to do anything other than enter judgment on the verdict pursuant to the Federal Circuit's directive. *See, e.g.*, *MD Security Solutions, LLC v. Protection 1, Inc.*, Case No. 6:15-CV-1968-PGB-GJK, ECF No. 49 at 5 (M.D. Fla. Sept. 26, 2017) (holding that because the asserted patent claims were found invalid by the Patent Trial and Appeal Board, "[t]here is no live case or controversy for the Court to resolve").

*Second*, the Court has no authority to ignore the Federal Circuit's mandate instructing entry of judgment on the verdict—which is what Biogen is asking the Court to do. The Federal Circuit has made clear that "[t]he mandate rule requires that the district court follow an appealable decree as the law of the case." *See, e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356–57 (Fed. Cir. 2009) (reversing the district court after it failed to reinstate the jury verdict of no invalidity despite the appeals court's prior mandate to do so). The mandate rule is "compulsory," and "a district court is without choice in obeying the mandate of the appellate court." *In re Roberts*, 846 F.2d 1360, 1363 (Fed. Cir. 1988); *see also, e.g.*, *M. D. by Stukenberg v. Abbott*, 977 F.3d 479, 481 (5th Cir. 2020) ("District courts do not have discretion to ignore mandates issued by this court."); *Sibbald v. United States*, 37 U.S. 488, 492 (1838) ("The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate."); *Blasband v. Rales*, 979 F.2d 324, 328–29 (3d Cir. 1992) (quoting *Delgrosso v. Spang & Co.*, 903 F.2d 234, 237 (3d Cir. 1990)) ("[M]andamus should be granted . . . 'when a district court has failed to adhere to an appellate court mandate.'"); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1508 (11th Cir. 1987) (citing, *e.g.*, *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)) ("Appellate courts have the power to issue mandates which are commands that cannot be ignored.").

On remand from an appellate court, this Court's authority is limited to fulfilling its "obligation to implement" the mandate of the higher court. *See United States v. Fumo*, 513 F. App'x 215, 218 (3d Cir. 2013) (internal quotation marks and citation omitted); *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001) ("If the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation."). "From the earliest days of the republic, and continuing through today, the Supreme Court has 'consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *United States v. Kennedy*, 682 F.3d 244, 252–53 (3d Cir. 2012) (quoting *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948)) (holding that the district court violated, and "ventured beyond," "the scope of [the appeals court's] mandate"); *see also Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) ("The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal."). "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Kennedy*, 682 F.3d at 253 (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985)) (internal quotation marks omitted); *see also In re A.F. Moore & Associates, Inc.*, 974 F.3d 836, 840 (7th Cir. 2020) (quoting *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000)) ("Under the mandate rule, 'when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.'"); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) ("The

G IBBONS P.C.

mandate rule provides that issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration.").

*Third*, Rule 41(d) of the Federal Rules of Appellate Procedure sets forth the exclusive procedure for seeking a stay of an appellate mandate. That Rule requires that a motion for stay be filed with the *Federal Circuit* (or the Supreme Court)—*not* the district court. Only the Federal Circuit or the Supreme Court can stay an appellate mandate. *See, e.g.*, *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 569 (E.D. Pa. 2011) ("It is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court, and Rule 62(d) and [28 U.S.C.] § 2101(f) do not provide the district court with such authority."); *Ventas, Inc. v. HCP, Inc.*, No. 3:07-CV-238, 2011 WL 3678819, at *2 (W.D. Ken. Aug. 22, 2011) ("The federal courts have consistently relied upon [28 U.S.C. ] § 2101(f) for the rule that district courts lack jurisdiction to stay the execution of an appellate court judgment."); *Merchant v. Fairfax County*, No. 1:10-cv-376, 2012 WL 12830388, at *1 (E.D. Va. Sept. 18, 2012) (quoting *United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005)) ("The relevant statute, 28 U.S.C. § 2101(f), makes clear that the authority to stay a circuit court's mandate 'belongs exclusively to the circuit court or to a justice of the Supreme Court.'"). Having failed to file a timely motion in the proper court under Rule 41, Biogen has forfeited any such relief in any court.

In accordance with the Federal Circuit's mandate, this Court should enter final judgment on the jury's verdict forthwith. *See* Fed. R. Civ. P. 58 advisory committee's note (1963) ("Rule 58 is designed to encourage *all reasonable speed* in formulating and entering the judgment when the case has been decided.") (emphasis supplied).

Respectfully,

s/ Charles H. Chevalier

cc: Counsel of record via ECF and email