# MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
―――
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
WAN CHA
WILLIAM A. O'BRIEN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

January 27, 2021

**VIA ECF**

Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

  Re: *In re Biogen '755 Patent Litigation,* No. 2:10-cv-02734-CCC-MF

Dear Judge Cecchi:

  Biogen respectfully submits this letter in response to the one by Defendants EMD Serono, Inc., and Pfizer Inc. (collectively, "Serono") on January 13, 2021 [ECF No. 1116] ("2021-01-13 Letter").

  Serono first argues that this Court "has no jurisdiction to consider" Biogen's request. (2021-01-13 Letter at 1). Serono is mistaken. As the Federal Circuit noted in *Exxon Chem. Pats., Inc. v. Lubrizol Corp.*, 137 F.3d 1475 (Fed. Cir. 1998):

> [E]very appellate court judgment vests jurisdiction in the district court to carry out some further proceedings. In some cases, those further proceedings may be purely ministerial, as when a judgment for the plaintiff is reversed and the only matters that remain for the district court are to dismiss the complaint and enter the judgment in the docket. Frequently, however, the disposition of a case in the court of appeals will require the district court to undertake more significant proceedings.

*Id.* at 1483. The court explained that, as a general rule, "following appellate disposition, a district court is free to take any action that is consistent with the appellate mandate." *Id.* at 1484. Although the Federal Circuit rendered its opinion on issues of anticipation of U.S. Patent No. 7,588,755 ("the '755 Patent"), there is a pending reexamination of the '755 Patent in the U.S. Patent and Trademark Office that may result in the issuance of new claims. If such claims are issued, this Court will certainly have to undertake proceedings that are not ministerial. As a result, your Honor may now consider "staying and administratively terminating" this action "pursuant to the Court's inherent powers to control the docket and preserve judicial economy." *See, e.g.*, *Lightner v. 1621 Route 22 W. Operating Co., LLC*, No. 12-cv-4696-MLC, 2013 WL 951061, at *1 (D.N.J. Mar. 1, 2013) (staying and administratively terminating an action where time to appeal a decision from the D.C. Circuit had not yet lapsed); *id.* at *1 n.2 ("administrative termination is not a final determination

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Claire C. Cecchi, U.S.D.J.
January 27, 2021—Page 2

on the merits, as it 'permits reinstatement,' 'contemplates the possibility of future proceedings,' and 'does not purport to end litigation on the merits'"). The case Serono relies on, *MD Security Solutions, LLC v. Protection 1, Inc.*, No. 6:15-CV-1968-PGB-GJK, ECF No. 49 at 5 (M.D. Fla. Sept. 26, 2017), does not suggest otherwise. In *MD Security Solutions*, the district court dismissed the case as moot after the PTO found the patent-at-issue unpatentable and the time to appeal expired. There, unlike here, there was no pending PTO proceeding that could have resulted in new claims.

Serono also argues that "the Court has no authority to ignore the Federal Circuit's mandate instructing entry of judgment on the verdict." (2021-01-13 Letter at 2). That is true but irrelevant. Biogen does not ask this Court to ignore the mandate. Rather, Biogen asks the Court to wait until the pending reexamination proceedings are complete before ruling on the status of this case. *Cf. Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983) (affirming a stay of proceedings pending conclusion of a reexamination before the Patent Office). None of Serono's cited cases involve a pending reexamination with new claims. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356–57 (Fed. Cir. 2009) (mandate rule precluded reconsideration of anticipation defense where the order limited any new trial to issues of infringement and damages); *In re Roberts*, 846 F.2d 1360, 1363 (Fed. Cir. 1988) (refusing to enter an order that contravenes the mandate of another appellate court); *M. D. by Stukenberg v. Abbott*, 977 F.3d 479, 481 (5th Cir. 2020) (reversing district court's expansion of injunction where mandate specifically instructed not to make "further changes"); *Sibbald v. United States*, 37 U.S. 488, 492 (1838) (lower courts are bound by the appellate mandate); *Blasband v. Rales*, 979 F.2d 324, 328–29 (3rd Cir. 1992) (mandamus granted where district court attempted "to secure a de facto reversal" of the appellate decision by seeking certification in state court of an issue that federal appellate court already decided); *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1515 (11th Cir. 1987) (district court was obligated to conduct a trial on the issue of punitive damages as ordered in the mandate).

Serono also argues that "this Court's authority is **limited to** fulfilling its 'obligation to implement' the mandate of the higher court." (2021-01-13 Letter at 2 (emphasis added)). Not so. On remand, the lower court "may consider and decide any matters left open by the mandate." *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895) (internal citations omitted)); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("Only the issues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration."). Here, there are indeed "matters left open by the mandate" for this Court to consider and decide: pending claims that may be asserted against Serono (and Bayer) that were not invalidated by the Federal Circuit decision. The cases cited by Serono do not hold otherwise. *See United States v. Fumo*, 513 F. App'x 215, 218 (3d Cir. 2013) (district court has an obligation to implement the mandate, but does not state that the district court is solely limited to such action); *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001) (same); *United States v. Kennedy*, 682 F.3d 244, 252–53 (3d Cir. 2012) (same); *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 840 (7th Cir. 2020) (same); *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (similarly

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Claire C. Cecchi, U.S.D.J.
January 27, 2021—Page 3

does not state that the district court is solely limited to implementing the mandate); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (same).

Last, Serono argues that Rule 41(d) of the Federal Rules of Appellate Procedure sets forth the exclusive procedure for seeking a stay of an appellate mandate. (2021-01-13 Letter at 3). As with Serono's argument that this Court may not disregard an appellate mandate, that is true but irrelevant. Biogen does not ask the Court to stay the mandate. Instead, Biogen asks this Court to consider the outcome of the pending claims that are currently under reexamination before entering final judgment. *Cf. Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976) (denying FRCP Rule 60(b) motion to set aside judgment based on new facts, without prejudice to the movant to proceed in district court, stating that "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events").

For the foregoing reasons, Biogen respectfully requests that rather than enter judgment as Serono and Bayer request, the Court schedule a status conference in six months for an update on the status of any proceedings. Thank you for your consideration of this request.

Respectfully submitted,

Kevin H. Marino

cc: All counsel of record