## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE BIOGEN '755 PATENT LITIGATION | Civil Action No. 10-2734 (CCC)<br><br>**CLERK'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BAYER'S MOTION TO TAX COSTS** |

This matter has come before the Clerk on the motion [Dkt. Entry 1140] of Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") to tax costs against Plaintiff Biogen MA Inc. ("Biogen," "Plaintiff"), pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.  Biogen opposes this motion.

Having perused the very lengthy docket of this consolidated patent litigation, the Clerk presents herein as brief a summary as is necessary to address the motion at hand, recognizing that the parties are well-aware of the factual and procedural histories.

This litigation commenced with Bayer's filing of suit [Dkt. Entry 1], Civil A. No. 10-2734, on May 27, 2010, seeking a declaratory judgment that Biogen's U.S. Patent No. 7,588,755 ("the '755 patent") is invalid and not infringed by Bayer's Betaseron® product. The following day, Biogen filed Civil A. No. 10-2760, alleging infringement of its '755 patent by Bayer, and additional defendants, EMD Serono, Inc. ("Serono"), Pfizer Inc. ("Pfizer"), and Novartis Pharmaceuticals Corp.("Novartis").[1]   The '755 patent was alleged to cover the use of Biogen's multiple sclerosis product, Avonex®, Bayer's Betaseron®, Novartis' Extavia®,

---

[1]      Unless otherwise noted, references herein are to Docket Entries ("Dkt. Entry") in Civ. A. No. 10-2734, and not to Civ. A. No. 10-2760.

and Serono and Pfizer's Rebif®.  While Biogen alleged that Serono and Pfizer infringed claims

1, 2 and 3 of the '755 patent, it asserted infringement of just claim 1 against Bayer and Novartis.[2]

On October 1, 2010, the Court consolidated both actions for all purposes, under the

original docket number, Civ. A. No. 10-2734, and recaptioned it, "In Re Biogen '755 Patent

Litigation."  [Dkt. Entry 37].

Markman briefing on the meaning of terms within claim 1 of the patent occurred in June

2011 [Dkt. Entries 113-19], and a hearing was conducted on January 12, 2012 [Dkt. Entry 167].

With the construction claim decision pending, fact discovery continued until March 15,

2013, by which time, the parties had produced more than 4 million pages of documents and had

conducted more than 65 depositions.  [Dkt. Entry 260].  In April 2013, the Court referred the

matter to mediation, which took place for approximately eighteen months.

Meanwhile, on June 27, 2014, Serono filed a motion for partial summary judgment

as to Biogen's claim of lost profits [Dkt. Entry 271], which was heard on February 25, 2015

[Dkt. Entry 328], and the motion was administratively terminated pending continued mediation

[Dkt. Entry 329].

With mediation having come to a standstill, on July 7, 2015, Magistrate Judge Clark

granted Biogen's motion to amend the scheduling order, and ordered additional fact discovery

for 60 days, as well as the commencement of expert discovery.  [Dkt. Entry 346].  On September

30, 2016, the Court administratively terminated Serono's motion for partial summary judgment

again, pending the Court's claim construction decision.  [Dkt. Entry 368].

---

[2]      Biogen filed an Amended Complaint which also included a declaratory judgment claim, regarding a "Nonsuit and Option Agreement" between Biogen and Serono entities, Civ. A. No. 10-2760 [Dkt. Entry 61], and that Sixth Count was eventually dismissed with prejudice, in Serono's favor.  Civ. A. No. 10-2734 [Dkt. Entry 210].

That decision came six months later, on March 28, 2016, when the Court issued its claim construction opinion and order.  [Dkt. Entries 403, 404].

On August 2, 2016, all defendants filed motions to sever for trial all claims by and between Biogen and Bayer from those by and between Biogen, Serono, and Pfizer.  [Dkt. Entries 433, 435].

October 2016 marked the start of multiple filings of pretrial motions.  On October 11, 2016, Biogen filed a motion to strike the report of Bayer's expert, Gordon P. Moore.  [Dkt. Entry 457].

Bayer then moved, on December 23, 2016, to strike the supplemental rebuttal expert report of Biogen's expert, Pastor R. Couceyro.  [Dkt. Entry 486].

On February 3, 2017, the parties filed a host of summary judgment motions.  Serono and Pfizer moved for summary judgment of invalidity under 35 U.S.C. § 112 and under § 103.  [Dkt. Entries 501, 505].

Bayer filed four motions for summary judgment against Biogen, based upon: 1.) Obviousness-Type Double Patenting [Dkt. Entry 503]; 2.) Anticipation by the Treatment References [Dkt. Entry 506]; 3.) Lack of Written Description [Dkt. Entry 509]; and 4.) Anticipation by Goeddel Patent [Dkt. Entry 513], as well as a motion for partial summary judgment limiting damages [Dkt. Entry 517].  Novartis joined in on all five motions [Dkt. Entries 507, 508, 512, 516, 519], and Serono and Pfizer joined in on summary judgment motions nos. 2-4 [Dkt. Entries 529-531].

On March 16, 2017, the Court denied both Biogen's motion to strike Bayer expert, Moore, and Bayer's motion to strike the Couceyro report.  [Dkt. Entry 556].

-3-

Bayer filed a sixth motion on June 22, 2017, seeking summary judgment against Biogen based upon anticipation by the Weissmann patent. [Dkt. Entry 624]. Arguments on Bayer's six, and Serono's and Pfizer's two, summary judgment motions were heard on August 10 and 11, 2017. [Dkt. Entries 653, 654].

A plethora of in limine motions was then filed by the parties on October 10, 2017: 12 by Biogen; 6 by Serono/Pfizer, along with a Daubert motion; and 10 by Bayer. [Dkt. Entries 668-720].

On October 27, 2017, the Court entered its opinion and order [Dkt. Entries 742, 743] granting the defendants' motions to sever the two cases, and, consistent with prior scheduling orders, Judge Cecchi ordered the trial of Biogen versus Serono and Pfizer to begin on January 18, 2018.

On November 9, 2017, in response to the request of both Biogen and defendants Serono and Pfizer, the Court amended its earlier Pre-trial Scheduling Order, to accommodate those parties' wishes to supplement their designations of deposition testimony to include designations from fact witnesses who were to be presented live in Bayer's case. [Dkt. Entry 815].

The Court denied Serono's motion for partial summary judgment as to Biogen's claim for lost profits on December 22, 2017. [Dkt. Entries 884, 885, 1023].

On January 9, 2018, the Court denied the two Serono and Pfizer summary judgment motions, as well as all six of Bayer's summary judgment motions. [Dkt. Entries 892, 893, 1024].

On January 12, 2018, the Court issued its memorandum opinion and order, addressing the majority of the in limine motions that had not been previously administratively terminated without prejudice. [Dkt. Entries 906, 1025].

-4-

The Joint Final Pretrial Order [Dkt. Entry 916] was entered on the docket on January 19,
2018, a day after the commencement of a five-week jury trial, which ended when the jury
rendered its verdict on February 23, 2018.  [Dkt. Entries 921-23, 933, 934, 943, 945, 947, 949,
953-59, 961, 964-67, 969, 974].  The jury found that: the asserted claims of the '755 patent were
directly infringed by the administration of Serono's and Pfizer's Rebif® for the treatment of MS;
that Pfizer and Serono did not actively induce infringement; that Pfizer and Serono had
contributed to direct infringement by selling or offering to sell Rebif®; and that the claims
of the '755 patent were invalid, based only upon anticipation by prior art.  [Dkt. Entry 977].

On March 23, 2018, Plaintiff and defendants Serono and Pfizer renewed their motions
for judgment as a matter of law ("motions for JMOL") [Dkt. Entries 980, 982], previously made
at the end of the trial [Dkt. Entry 967], and those motions were heard on June 6, 2018 [Dkt.
Entry 1008].

On September 7, 2018, the Court issued its opinion and order on the motions for JMOL
[Dkt. Entries 1043, 1044, 1059], denying Serono's and Pfizer's motions for JMOL, and finding,
in favor of Biogen, that: the claims of the '755 patent were not anticipated by prior art uses;
that Pfizer and Serono had actively induced infringement of claims 1 and 2; and also granting
Biogen's motion for JMOL as to Serono's and Pfizer's defenses of patent ineligibility,
obviousness-type double patenting, anticipation based on the Goeddel patent, and improper
inventorship; and granting Biogen's motion for a new trial on damages.

Pfizer and Serono appealed from the Court's JMOL order to the Court of Appeals for
the Federal Circuit on October 9, 2018.  [Dkt. Entry 1060].

On October 26, 2018, the Court issued its Partial Judgment [Dkt. Entry 1069], reflecting
its rulings on the motions for JMOL, entering judgment in favor of Biogen and against Pfizer

and Serono, and ordering that a jury trial on the amount of damages to be awarded to Biogen

would occur after a jury trial of all issues between Biogen and Bayer and Novartis.

About a year later, on September 28, 2020, the Federal Circuit entered its opinion and

judgment [Dkt. Entries 1104, 1105], reversing and remanding with instructions for this Court

to reinstate the jury verdict on anticipation.  The appellate court issued its mandate [Dkt. Entry

1109] for this Court to do so, on December 28, 2020.

A stipulation was filed on February 3, 2021, pursuant to which Biogen, Bayer and

Novartis agreed that in the event the Court entered judgment in favor of Pfizer and Serono,

Biogen would not oppose simultaneous entry of judgment in favor of Bayer and Novartis.  [Dkt.

Entry 1121].

After the parties' disagreement regarding when final judgment should be entered, and

the defendants' filing of petitions for writ of mandamus to the Federal Circuit, on March 8, 2021,

final judgment was entered in favor of Serono and Pfizer [Dkt. Entry 1128], and, pursuant to

the stipulation, in favor of Bayer and Novartis [Dkt. Entry 1127].  Together, the two final

judgments provide that all defendants are "prevailing parties" entitled to recover costs from

Biogen, pursuant to Fed. R. Civ. P. 54.

With an April 7, 2021 deadline for the filing of taxation motions, Serono and Pfizer filed

their motion to tax costs on April 6, 2021, seeking a total of $376,737.07 [Dkt. Entries 1134,

1135].  However, they later withdrew that motion, after Biogen agreed to pay them $270,507.87

in costs.  [Dkt. Entry 1147].

By stipulation and order entered by the Court on April 12, 2021 [Dkt. Entry 1137],

the parties agreed that the deadline for Novartis' and Bayer's filing of their taxation motions

-6-

would be extended to April 21, 2021.  Accordingly, on that date, Novartis filed its motion to tax costs [Dkt. Entry 1139], but later withdrew it after Biogen agreed to pay the requested $14,362.92 [Dkt. Entry 1151].

In addition to a motion for attorney's fees [Dkt. Entry 1141], which remains pending, Bayer too filed a motion to tax costs [Dkt. Entry 1140], on April 21, 2021, and that is the application now before the Clerk.  Pursuant to its bill of costs [Dkt. Entry 755-1], Bayer seeks just the costs of printed deposition transcripts in the amount of $36,979.40.  Biogen opposes the award of any costs.  [Dkt. Entry 1148].

## I.    <u>Legal Standards</u>

Bayer makes this application pursuant to Fed. R. Civ. P. 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."  As noted above, this Court's final judgment, entered in Bayer's favor [Dkt. Entry 1127], provides that Bayer is a "prevailing party" entitled to recover costs from losing party, Biogen.

In this Circuit, there is a strong presumption in favor of awarding costs to the prevailing party.  <u>Reger v. Nemours Found., Inc.</u>, 599 F.3d 285, 288 (3d Cir. 2010).  However, absent express statutory authorization or a court order to the contrary, the Clerk may reimburse only the types of costs enumerated in 28 U.S.C. § 1920.  Relevant to the instant motion, § 1920 (2) allows "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Even though it enjoys a presumption in its favor, the prevailing party must provide sufficient information to carry its burden of showing that the sought-after costs fall within the

limits of § 1920.  Romero v. CSX Transp., Inc., 270 F.R.D. 199, 201-02 (D.N.J. 2010).

In addition to Rule 54(d) and 28 U.S.C. § 1920, the Clerk's decision is guided by L. Civ. R. 54.1, our local court rule which "establishes the general procedures to be followed in those cases where a party is entitled to recover costs" under § 1920.  Lite, N.J. Federal Practice Rules, Comment 2 to Rule 54.1 (Gann 2021 ed.) at 321.

Prevailing party Bayer has satisfied the requirements in L. Civ. R. 54.1 and 28 U.S.C. § 1924 of timeliness and verification: this motion was filed by the stipulated date of April 12, 2021; includes a notice of motion [Dkt. Entry 1140]; through his signature of the Declaration of the AO 133 form [Dkt. Entry 1140-3], Bayer counsel, David M. Krinsky, Esq. has verified that the costs are correct and were necessarily incurred in this action, and that the services for which the fees have been charged were actually and necessarily performed; and supporting invoices have been supplied [Dkt. Entry 1140-1, Ex. A]. The Clerk has also considered Bayer's Memorandum in Support of its Bill of Costs ("Def.'s Br.") [Dkt. Entry 1140], Biogen's Memorandum of Law in Opposition ("Pl.'s Opp.") [Dkt. Entry 1148] and Bayer's Reply Memorandum in Support ("Def,'s Reply") [Dkt. Entry 1153]. Accordingly, the Clerk now examines the taxability of Bayer's requested costs.

Bayer's sought-after reimbursement is predicated entirely upon § 1920 (2), allowing "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Included in the requested $36,979.40 total are the costs of 25 deposition transcripts, taken of 21 different deponents, the majority of which were Biogen lay and expert witnesses. As noted above, Bayer filed six motions for summary or partial summary judgment. As justification for these costs, Bayer states, "[t]hese costs were incurred in taking and transcribing depositions

'necessarily obtained for use in the case,' 28 U.S.C. § 1920(2), because Bayer relied on each of these deposition transcripts in its motions for summary judgment, its replies to Biogen's opposition briefs, and in arguing these motions."  Def.'s Br. at 3.

Biogen does not object to any costs in particular. Rather, Plaintiff argues that the costs should be denied in their entirety because all of Bayer's summary judgment motions were denied. Biogen correctly points out that "judgment was based on a jury verdict from a trial in which Bayer did not participate."  Pl.'s Opp. at 5. It continues, "[b]ecause Bayer did not participate in that trial, it did not submit, reference, or otherwise use any of the deposition transcripts for which it now seeks to recover costs in connection with the stipulated final judgment."  Id. From there, Biogen falsely reasons, "[i]ndeed, there was no nexus between the depositions at issue and the stipulation between Biogen and Bayer. . . Because Bayer failed to show any connection between the deposition transcripts and the Court's judgment – and there is none - they constitute 'other depositions' for which fees and costs are not taxable under [our local court rule] L. Civ. R. 54.1(g)(7)."  Id.

That cited local rule provides:

> In taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at the trial under Fed. R. Civ. P. 32. Fees and charges for the taking and transcribing of any other deposition shall not be taxed as costs unless the Court otherwise orders. Counsel's fees, expenses in arranging for taking a deposition and attending the taking of a deposition are not taxable, except as provided either by statute or by the Federal Rules of Civil Procedure.

L. Civ. R. 54.1(g)(7).

Despite that rule's restriction of depositions "used at the trial," both sides recognize the Third Circuit's ruling that the costs of deposition transcripts relied upon in summary judgment motions are taxable. In re Baby Food Antitrust Litig., 166 F.3d 112, 138-39 (3d Cir.

1999). The Clerk has confirmed Bayer's assertion that all of the deposition transcripts of which it seeks the costs were, in fact, cited by Bayer in its summary judgment briefing [Dkt. Entries 521-26, 629], and indeed, 17 were cited by Biogen too in its briefing. [Dkt. Entries 591, 635].

From there, Biogen reasons that Bayer's costs must be denied because its summary judgment motions were unsuccessful. In other words, Plaintiff argues that the converse of the Baby Food Court's ruling is true – that is, if the prevailing party won at a later stage, beyond summary judgment, it cannot recover the costs of transcripts supporting summary judgment briefing. Biogen maintains that the prevailing party's success on the summary judgment motion is a condition precedent to taxation but cites no case law to that effect.

In a case upon which the Baby Foods court relied, the Tenth Circuit stated, in a general fashion, that a district court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). The Tilton court explained that "[a] district court does not abuse its discretion in taxing transcription costs associated with depositions that were 'actually utilized by the court in considering [the defendant's] motion for summary judgment.' Id. quoting Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434-35 (10th Cir. 1990).

Another court has explained the necessity of deposition transcripts used by the court in deciding summary judgment motions:

> Moreover, district courts within this Circuit have "found that depositions cited by either party in support or defense of a motion are 'reasonably necessary for the litigation' and, therefore, are taxable by the prevailing party under § 1920(2)." *See, e.g., Lamar v. Oakland Cnty.*, 2008 WL 239830 at * 1 (E.D. Mich. 2008); *see also Keweenaw Bay Indian Cmty. v. Rising*, 2005 WL 3535124 at *2 (W.D. 2005). All of the transcripts at issue were submitted to the Court in connection with the Defendants' Motions for Summary Judgment. That these transcripts were submitted by Plaintiffs' Counsel, rather than Defense Counsel, does not make them any less necessary for the determination of the issues presented to the Court.

Peeples v. City of Detroit, Civ. A. No. 13-13858, 2017 WL 1130088, at *2 (E.D. Mich. Mar. 27, 2017).

And a very well-respected jurist of our Court, the Honorable Dickinson R. Debevoise, unequivocally stated that "[i]t is reasonable to assume that if a deposition was referred to in a dispositive summary judgment motion that it was necessarily obtained for use in this case." Pharm. Resources, Inc. v. Roxane Labs., Inc., Civ. No. 03-3357, 2008 WL 2951173, at *3 (D.N.J. July 25, 2008).

In addition to ignoring the Court's use of the transcripts in deciding the summary judgment motions, Biogen's position assumes that the transcripts could not also be useful in the case at later stages of the litigation. Common sense undermines Biogen's argument. The fact that claims cannot be disposed of at the summary judgment stage due to lingering questions of fact does not render the supporting transcripts unnecessary for subsequent phases of the litigation. Indeed, this Court's opinion on the summary judgment motions indicates that judgment in Bayer's favor was not appropriate at that stage because questions of fact had to be decided by the jury in a "battle of the experts."  [Dkt. Entry 1024 at 34] ("As with other motions addressed in this Opinion, the instant motion presents a 'battle of the experts' that is not amenable to resolution prior to the presentation of evidence, including testimony.")

An oft-cited standard arises out of the Eleventh Circuit. In the case of EEOC v. W&O, Inc., that appellate court rejected the losing party's argument that the costs of deposition transcripts were nontaxable because the prevailing party's use of the depositions was minimal or not critical to its ultimate success. 213 F.3d 600, 621 (11th Cir. 2000). Instead, it found that the losing party had not demonstrated that the depositions were not "related to an issue which

-11-

was present in the case at the time the deposition was taken." <u>Id.</u>, <u>quoting</u> <u>Independence Tube Corp. v. Copperweld Corp.</u>, 543 F. Supp. 706, 718 (N.D. Ill. 1982). Biogen has not made such a showing.

That standard is similar to that previously enunciated by this Court in the case of <u>Thabault v.Chait</u> – "[f]or the costs to be taxable, the depositions need not have been used at trial, and must only 'appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken.'" <u>Thabault v. Chait</u>, Civ. No. 85-2441, 2009 WL 69332, at *7 (D.N.J. Jan. 7, 2009) (quoting <u>Datascope Corp. v. SMEC, Inc.</u>, No. 81-3948, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)). Nationwide, the case law is replete with the use of this broad standard. <u>See</u>, <u>e.g.</u>, <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 143 (D. Ore. 1995) ("A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition.")

This is precisely the fallacious argument that Biogen makes – that the transcripts are nontaxable because later developments, i.e., the trial verdict against just Bayer's co-defendants, Serono and Novartis, applied to Bayer by stipulation, rendered the transcripts unnecessary. Biogen's argument that there is no connection between the depositions and the Court's judgment – essentially, that these transcripts occurred in a vacuum – because Bayer did not actually participate in that trial, ignores the complex procedural history of this litigation, outlined above. In fact, the date of the most recent deposition, that of Biogen expert, Pastor R. Couceyro, was taken on May 25, 2017, five months before the Court granted the defendants' motion to sever the two cases on October 27, 2017. And further, the stipulation, pursuant to which Biogen,

-12-

Bayer and Novartis agreed that in the event the Court entered judgment in favor of Pfizer and Serono, Biogen would not oppose simultaneous entry of judgment in favor of Bayer and Novartis, was not filed until February 3, 2021, after the Serono/Pfizer case returned to this Court upon remand by the Federal Circuit. Biogen's hindsight view has been soundly rejected in the case law.

The Clerk has noted too that all but a handful of the depositions at issue were of Biogen's witnesses, predominantly expert witnesses. In the Pharm. Resources case, likewise a patent infringement case, Judge Debevoise also ruled that "[i]t is reasonable to conclude that the depositions of the expert witnesses were necessarily obtained for use in this case because issues such as infringement, obviousness, anticipation, and indefiniteness would likely be resolved on the basis of their testimony, which would have to be studied and analyzed." 2008 WL 2951173, at *3.

Just a few days ago, the Tenth Circuit had occasion to revisit its Tilton case, discussed above, noting that that case did not stand for the proposition that actual use of the transcript had to be shown. Hetronic Int'l, Inc. v. Hetronic Germany GmbH, No. 21-6019, 2021 WL 5023323, at *3 (10th Cir. Oct. 29, 2021). The circuit court there affirmed the taxation of the transcripts of deponents who testified live at trial. In this case, 9 of the 21 deponents testified either live or by video at the Serono/Pfizer trial - Brudnick, Haley, Tisch, Doll, Murphy, Garcia, Ploegh, Green and Couceyro – accounting for 14 of the 25 transcripts at issue.

As for the Bayer witnesses in particular, the Clerk noted, in his review of the docket, that Biogen itself requested the use of those transcripts when it, like Serono and Pfizer, asked the Court if it could supplement its designations of deposition testimony to include designations from fact witnesses who were to be presented live in Bayer's case. [Dkt. Entry 815].

In sum, the Clerk determines that all of the transcripts at issue were necessary for use in the case. Having found necessity, the Clerk must then examine the reasonableness of the requested charges. He customarily grants just the costs of the transcripts themselves and reporter attendance, and denies the cost of convenience services, such as Realtime, rough drafts, deposition litigation packages, expedition, and the like. The Clerk commends Bayer for omitting almost all of these types of costs from its request.  He grants the sought-after costs except for the following:  1.) Marten invoice - $100.00 for ASCII File and Condensed Transcript; 2.) Mark invoice - $100.00 for ASCII File and Condensed Transcript; and 3.) Tisch invoice for 12/11/15 videotaping charges - $1,371.15. The Clerk surmises that perhaps the incorrect invoice was submitted in connection with this last deposition. No invoice for the printed transcript has been filed, just an invoice for videotaping charges, and neither the requested amount of $1,371.15, nor any combination of costs amounting to that, appears on that invoice.

In conclusion, pursuant to § 1920 (2), the cost of deposition transcripts is taxed in the amount of **$35,408.25** ($36,979.40 - $100.00 - $100.00 - $1,371.15).

For the reasons set forth above, Defendant's motion to tax costs is hereby granted in part and denied in part, and Judgment is entered in favor of Defendant **Bayer HealthCare Pharmaceuticals Inc.** and against Plaintiff **Biogen MA Inc.** in the amount of **$35,408.25**.

WILLIAM T. WALSH, CLERK

By:  S/John T. O'Brien
        Deputy Clerk

November 5, 2021

-14-